**In re TennOHIO TRANSPORTATION COMPANY Jointly Administered With Marpam Truck & Trailer Company, Garland Transportation Company, and Commercial Trailer Company, Debtors.**

**TennOhio Transportation Company, et al., Plaintiffs,**

**v.**

**Felco Commercial Services, Defendant.**

**Bankruptcy Nos. 97–57772, 97–57773, 97–57776, 97–57777. Adversary No. 99–0254.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

June 15, 2000.

E. James Hopple, Schottenstein, Zox & Dunn Co., L.P.A., Columbus, OH, for Plaintiffs/Debtors.

Gary W. Deeds, Columbus, OH, for Defendant.

### OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the crossmotions for summary judgment filed by plaintiffs TennOhio Transportation Company, Marpam Truck & Trailer Company, Garland Transportation Company, and Commercial Trailer Company and by the defendant, Felco Commercial Services. The crossmotions have been fully briefed and are now ready for decision.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(F).

Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Bankruptcy Rule 7056. It permits either a claimant or a defending party to move with or without supporting affidavits for a summary judgment in that party's favor. The Court shall render summary judgment if the pleadings, depositions, answers to interrogatories, requests for admission, and affidavits show that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law.

The fact that the parties have filed crossmotions for summary judgment does not change the standards upon which courts must evaluate summary judgment motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991). Courts are still required to resolve each motion on its merits drawing all reasonable inferences against the party whose motion is being considered. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir.1987). Where genuine issues of material fact remain, summary judgment is not proper for either movant. *Id.*

### FACTS NOT IN DISPUTE

On or about October 13, 1992, plaintiffs TennOhio Transportation Company and Marpam Truck & Trailer Company entered into a master vehicle lease agreement with defendant Felco Commercial Services. Under this agreement, these

plaintiffs leased twelve 1993 48–foot trailers for a term of sixty months. The rent for each trailer was $330.51 for a total monthly payment of $3,966.12.

Each of the plaintiffs filed a petition for relief under chapter 11 of the Bankruptcy Code on August 27, 1997. These filings occurred approximately two and one-half months before the lease would have expired. As of the petition date, plaintiffs TennOhio Transportation Company and Marpam Truck & Trailer Company had not made the August 1997 lease payment which was due on or before August 10, 1997. All other prepetition payments had been made. The total amount which defendant Felco Commercial Services received in the ninety days preceding the bankruptcy filings was $25,316.75.

Following the petition date, the plaintiffs jointly administered their property, including the twelve leased trailers, as debtors in possession. The plaintiffs made postpetition lease payments to the defendant for September and October 1997, but the August 1997 payment remained unpaid.

On September 23, 1997, the defendant moved for relief from the automatic stay based upon the prepetition default in lease payments. The plaintiffs opposed the motion, and the parties subsequently entered into an agreed order vacating the stay as of November 1, 1997, but giving the plaintiffs sixty (60) days in which to seek Court approval for purchase of the trailers. On December 1, 1997, the Court authorized the plaintiffs' purchase of the trailers from the defendant for $36,000. In the interim period between the expiration of the lease and the purchase of the trailers, the plaintiffs also made a November 1997 payment.

In the event of no default, the lease required defendant Felco Commercial Services to sell the trailers upon expiration of the lease. To the extent that the sales price, less expenses, exceeded the lease-end value of $1,515.60 per trailer, the defendant would pay 100% of the excess proceeds to plaintiffs TennOhio Transportation Company and Marpam Truck & Trailer Company. Conversely, if the net sales proceeds had been less than the lease-end value of $1,515.60 per trailer, these plaintiffs would have been required to make up the deficiency.

As the result of the compromise, the plaintiffs never assumed the lease under 11 U.S.C. § 365. Instead, they paid the $36,000 to the defendant in exchange for title to each of the twelve trailers. The plaintiffs now seek to avoid and recover under 11 U.S.C. § 547(b) and § 550(a) the $25,316.75 in prepetition lease payments paid to defendant Felco Commercial Services in the ninety-day period preceding their chapter 11 filing.

In order to avoid the prepetition lease payments as preferences, the plaintiffs must show that (1) the payments benefitted the defendant; (2) that the payments were made on account of an antecedent debt; (3) while the plaintiffs were insolvent; (4) within 90 days before the filing of the plaintiffs' chapter 11 petitions; and (5) which enabled the defendant to receive a larger share of the estate than if this case had been filed as a chapter 7 case and the payments had not been made. *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.),* 91 F.3d 811, 813 (6th Cir.1996). The defendant does not dispute that these elements have been met. Accordingly, the Court determines that there are no genuine issues of material fact concerning the operation of 11 U.S.C. § 547(b).

Notwithstanding the fact that the elements of a preference have been met, the plaintiffs may not avoid and recover the payments if one of the defenses found in 11 U.S.C. § 547(c) applies. *Id.* The defendant maintains that its provision of new value bars the plaintiffs' recovery under § 547(c)(4).

■ The defendant's subsequent new value defense has two separate components. First, the defendant argues that its forbearance during the sixty-day period allowed under the parties' agreed order constituted new value. For this proposi-

tion the defendant relies on *Southern Technical College, Inc. v. Hood,* 89 F.3d 1381 (8th Cir.1996).

In *Hood,* the defendant provided the debtor with the leased property *after* the preferential transfer and *before* the filing of the bankruptcy petition. The debtor failed to pay for the use of these properties during this period. The Eighth Circuit held under these facts that the defendant had replenished the bankruptcy estate by giving the debtor rent-free use of the leased properties for two months. *Id.* at 1385. Accordingly, the debtor could not avoid the preferential transfer to the extent that this "new value" remained unpaid.

Applying *Hood* to the facts in this case, the defendant can offset the amount of the August 1997 rent which remained unpaid following the plaintiffs' bankruptcy filing. The plaintiffs argue that the August 1997 payment was implicitly subsumed into the $36,000 purchase price, but the Court finds no evidence in the record which would support this assertion. Thus, the maximum amount the plaintiffs may recover here is $21,320.63, the difference between the total preferential transfers and the August 1997 rent.

■ The defendant also contends that subsequent new value arose from the fact that the plaintiffs ultimately purchased the trailers under the parties' sales agreement for much less than their market value. Because the difference between the sales price and the fair market value exceeds the amount of the preferential payments, the defendant asserts that the plaintiffs' recovery is barred as a matter of law.

The plaintiffs claim that this excess value cannot constitute new value because the defendant's receipt of the $36,000 was more than it would have been entitled to receive under the lease agreement. This argument implicitly assumes the natural termination of the lease, the lack of any default thereunder, and the subsequent sale of the trailers to a third party for an amount over and above their residual value as defined under the lease. These events, of course, did not occur.

The plaintiffs, however, also point out that the defendant did not agree to sell them the trailers until after their chapter 11 petitions were filed. Therefore, any "new value" extended by the defendant under the purchase agreement was postpetition.

■ Postpetition advances of new value may not be applied to offset preferential transfers. *Bergquist v. Anderson–Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.),* 850 F.2d 1275, 1284 (8th Cir. 1988). First, section 547(c)(4) specifically requires that the advances be made "to or for the benefit of the debtor," and any *postpetition* transfers would not be for the debtor, but for the bankruptcy estate. *Id.* Second, the purpose of the subsequent new value exception—to encourage creditors to deal with troubled businesses—is better served by other Bankruptcy Code provisions, such as sections 364 or 503(b)(1) once a petition has been filed. *Id.*

> While these and other provisions do not permit entirely unrestricted interaction between a debtor and the business community, they do reflect a balance of the multitude of interests which converge upon the filing of a petition. Where a single creditor freely offsets otherwise avoidable transfers with funds extended postpetition, the potentially conflicting interests of other creditors are inadequately protected and may be prejudiced. To permit such offsets notwithstanding possible prejudice to other creditors would ignore the orderly mechanisms established by Congress to protect all interested parties concerned.

*Id.* at 1284–85 (adopting the reasoning of the bankruptcy court).

Lastly, the defendant complains that it never would have agreed to the purchase price unless it was also permitted to retain the preferential payments. Whether the consideration received for the trailers was

inadequate as the defendant now claims, is not, however, for the reasons already stated, part of the calculus for determining the extent of the plaintiffs' recovery of the preferential payments.

Based on the foregoing, the defendant's motion for summary judgment is **DENIED** and the plaintiffs' crossmotion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**